UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

STEPHEN J. TAYLOR,                )
                                  )
            Plaintiff,            )
      vs.                         )   No. 1:08-cv-527-TWP-DML
                                  )
OFFICER STEWART, et al.,          )
                                  )
            Defendants.           )

**Entry Discussing Plaintiff's Motion in Limine**

This case is set for trial on plaintiff Taylor's claim that police officers Brian Stewart and Christopher Duffer used excessive force during their arrest of Taylor at Hummel Park in Plainfield, Indiana. Taylor has filed a motion *in limine* seeking to have evidence of his misconduct obtained by the defendants after his arrest on August 30, 2006, excluded at trial.

For the reasons explained below, Taylor's motion (dkt 81) is **granted in part and denied in part.**

**I.**

Taylor argues that the question for trial is whether the officers' use of force was objectively reasonable based on the information they had at the time he was arrested and thus any information they did not have at the time of his arrest should be excluded. Taylor argues that the outstanding arrest warrants, a handwritten note in his possession at the time of his arrest, and his subsequent conviction for child molesting are not relevant pursuant to Rule 401 of the *Federal Rules of Evidence*.

In response, the defendants point out that whether the officers told Taylor to stop before removing him from his bicycle or whether Taylor was obeying the officers' requests to leave the area is a question the jury must decide. The officers argue that the fact that Taylor was wanted on outstanding warrants and carried an incriminating note go to his motive for fleeing the police. In addition, the fact that the defendants played a role in securing Taylor's conviction for child molesting goes to Taylor's bias and motive for filing this action against them.

## II.

The defendants intend to use evidence of the warrants, note, subsequent investigation and conviction to show Taylor's motive and intent to flee from the defendant officers as well as his bias against them. This evidence is relevant. See Rule 401. Additionally, "[u]nder Federal Rule of Evidence 609(a)(1), evidence of prior felony convictions is admissible in a civil case to impeach the credibility of the plaintiff, subject to Rule 403." *Romanelli v. Suliene,* 615 F.3d 847, 854 (7th Cir. 2010). The question is whether this evidence should be excluded because its probative value is substantially outweighed by, among other things, the danger of unfair prejudice.

Federal Rule of Evidence 403 permits the exclusion of evidence if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice. *See, e.g., Romanelli,* 615 F.3d at 854 ("Even though evidence may be relevant it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice")(citing Rule 403).

"[N]o evidence could be more inflammatory or more prejudicial than allegations of child molestation." *United States v. Ham,* 998 F.2d 1247, 1252 (4th Cir. 1993). There is no question that Taylor's child molesting conviction is prejudicial, but the relevant inquiry under Rule 403 is whether the danger of prejudice *substantially* outweighs the probative value of the evidence.

In the course of ruling on the defendants' motion for summary judgment, the court noted that there is a factual dispute as to whether the officers told Taylor to stop before removing him from his bicycle (their use of force) or whether Taylor was obeying the officers' requests to leave the area. Given the nature of Taylor's claim, the relevant constitutional inquiry is "whether the officers' actions [were] objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor,* 490 U.S. 386, 397 (1989) (internal quotations omitted). The amount of permissible force depends upon the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The constitutional inquiry will have to be made as the jury also resolves the disputed factual question regarding whether Taylor was fleeing from the defendants or whether Taylor was obeying their directions that he leave. The facts that there were outstanding warrants for Taylor's arrest and that he carried with him an incriminating note have great probative value as they could provide a motive to flee police officers and are not outweighed by the danger of unfair prejudice.

The fact that the defendant officers' arrest of Taylor on August 30, 2010, lead to an investigation and Taylor's subsequent conviction for child molesting goes directly to Taylor's motive for filing this lawsuit and his bias against the defendant officers. Taylor's conviction is admissible for this reason as well as pursuant to Rule 609(a)(1). The defendants have not indicated their intention to offer Officer Stewart's probable cause affidavit (Exhibit A to the motion *in limine*) into evidence, and that would certainly not be a proper effort. If the outstanding warrant(s) for Taylor's arrest in Hummell Park on August 30, 2006, refer to the offense of child molesting, that designation will have to be redacted or the information submitted through stipulation without mention of that offense.

**III.**

Taylor's motion *in limine* is **granted in part and denied in part,** consistent with the foregoing.

The parties are encouraged to enter into stipulations regarding statements and exhibits consistent with this ruling in advance of the final pretrial conference.

**IT IS SO ORDERED.**

Date: 11/09/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

Phillip J. Fowler
BINGHAM MCHALE LLP
pfowler@binghammchale.com

Briana Lynn Kovac
BINGHAM MCHALE LLP
bkovac@binghammchale.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com